# Wheeling.

## WILLIAM H. FRENCH vs. ANDREW WHITE.

### January Term, 1870.

1. It is not error in the court below to instruct the jury in an action for false arrest and imprisonment, that if the jury believe from the evidence that the defendant, assuming to act as an officer of the so-called confederate government, and at the time of committing the wrong complained of, was engaged in an effort to subvert the government, and that in pursuance of such illegal and treasonable purpose, and as a means to its accomplishment, arrested and imprisoned the plaintiff, that then the law would imply malice from such illegal proceedings and arrest, and that such presumption of malice could not be rebutted.

2. The plea known as "belligerent rights" again refused.

This was an action of trespass on the case brought by Andrew White against William H. French, in the circuit court of Mercer county. The declaration was filed at November rules, 1866, and averred the false arrest and imprisonment of the plaintiff by the defendant, in June, 1862. The defendant entered several pleas, which were similar to those in the case of *Caperton* vs. *Martin, infra,* and were disposed of here in like manner with the pleas in that case.

The other questions in the case are stated by Judge Berkshire in his opinion.

Hon. N. Harrison, judge of the circuit court of Mercer, presided on the trial of the case.

*Lee* and *Boggess* for the plaintiff in error.
*Stanton & Allison* for the defendant in error.

BERKSHIRE, J.　It is only necessary, in this case, to consider the first and second errors assigned, as all the other questions found in the record were considered and decided adversely to the plaintiff in error here, in the case of *Caperton* vs. *Martin, infra.*　The errors we are to consider relate to the charge or instruction given by the court to the jury, mentioned in the defendant's first bill of exceptions.　The first objection urged against the instruction complained of was, because the instruction told the jury that the law implied malice on the part of the defendant, in committing the wrong and trespass complained of, from the facts supposed in the instruction.

The instruction was in substance, that if the jury believed from the evidence that the defendant, assuming to act as an officer of the so-called confederate government, and at the time of committing the wrong complained of was engaged in an effort to subvert the government, and that in pursuance of such illegal and treasonable purpose, and as a means to its accomplishment, arrested and imprisoned the plaintiff, that then the law would imply malice from such illegal proceedings, and arrest; and that such presumption of malice could not be rebutted.

It seems to me that this is a fair legal proposition, and I am not able to see any well founded objection to it.

That a sane person is conclusively presumed to intend the natural consequences of the acts committed by him is a fundamental legal maxim, never questioned; and hence, in the case of a deliberate homicide, by a sane person, the law constructively presumes malice; and so it has been held that, the deliberate publication of a calumny, by a party knowing it to be false, raises a conclusive presumption of malice on the part of the publisher.　*Bowdell* vs. *Osgood*, 3 Pick., 379; *Hare* vs. *Wilson*, B. and C., 643; *Rex* vs. *Shiply*, 4 Doug., 177; 1 Greenleaf, § 18.

It seems to me, therefore, to be a sound and perfectly tenable proposition that, in case of a deliberate arrest and imprisonment of a person without color of authority or ex-

cuse, the law would necessarily imply malice on the part of the wrong doer. But it is objected, secondly, that the court erred in saying that the presumption of malice in the case supposed, was incapable of being rebutted. The latter proposition, it appears to me, is a necessary consequence of the former, and that they must stand or fall together. The proposition is that such presumptions as the law implies from certain ascertained and conceded facts cannot be rebutted. I do not perceive how this could be done, without denying the law itself. The legal inferences of the law, whatever they may be, from undisputed and established facts, are certainly conclusive, so far as they go, and cannot be rebutted or explained by evidence. In the case of the publication of the libel, before referred to, it was held that the presumption of malice was conclusive, and *a fortiori*, it must, as it seems to me, be so held in this case.

I am, therefore, of opinion to affirm the judgment with costs and damages.

The other judges concurred.

JUDGMENT AFFIRMED.